**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JUAN JUAREZ, DOUGLAS F. PINTO,
MICHELE PLACENTI, TINA PINHEIRO,
MARIO LIMA, RUBENS RODRIGUES
DEPAULA. VERONICA MONTIEL,
ZEFERINO RAMIREZ, ALEXANDRE M.
MACEDO, individually and on behalf of
others similarly situated

**SETTLEMENT AGREEMENT**
**AND**
**RELEASE**

**1:17-CV-2579 (RMB)(SN)**

*Plaintiffs,*

-against-

SYS CHELSEA INC., TH PLUS INC.,
(D/B/A "SALSA & SALSA"; D/B/A
"SHANGRI-LA"), UTHAIWAN
WONGPRASERT (A/K/A DIANE
WONGPRASERT), MEI LA, HAI LA (A/K/A
TONY LA) AND SOW K. LA (A/K/A IRENE
LA)

*Defendants.*

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs Juan Juarez, Douglas F. Pinto, Michele Placenti, Tina Pinheiro, Mario Lima, Rubens Rodrigues DePaula, Veronica Montiel and Zeferino Ramirez, (collectively "Plaintiffs")[1], and Defendants SYS Chelsea Inc., TH Plus Inc., (d/b/a "Salsa Y Salsa and "Shangri La"), Sow K. La (a/k/a Irene La), Hai La (a/k/a Tony La), Mei La (collectively "SYS Defendants") and Uthaiwan Wongpresart ("Defendant Wongprasert") (altogether "Defendants").

WHEREAS, Plaintiffs allege that Defendants were their employers during all periods relevant to the litigation;

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which has resulted in the filing of an action in the United States District Court for the Southern District of New York, civil action number 1:17-CV-2579 ("Case"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

---

[1] The parties stipulated to the dismissal of Plaintiff Alexandre M. Macedo on on or about July 27, 2017. (*See* ECF Docket Entry No. 44)

WHEREAS, Defendants deny any violation of federal and state wage, hour and labor laws as well as all other claims asserted in the Complaint; and

WHEREAS, the parties desire to resolve the Case without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Consideration</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and full, complete, and final satisfaction of any and all claims Plaintiffs have asserted as well as all potential claims Plaintiffs may have against Defendants, through and including the date upon which the Parties execute this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of ONE HUNDRED EIGHTY-FIVE THOUSAND DOLLARS ($185,000.00) (the "Settlement Amount"), to be paid to Plaintiffs' counsel Lina Franco, P.C. at 42 Broadway, Suite 12-126, New York, New York 10004 ("Plaintiffs' counsel") as follows:

   (a) **AS TO DEFENDANT WONGPRASERT:** Defendant **WONGPRASERT** shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and full, complete, and final satisfaction of any and all claims Plaintiffs have asserted as well as all potential claims Plaintiffs may have against Defendants, through and including the date upon which the Parties execute this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of FIFTY-FIVE THOUSAND AND FIVE HUNDRED DOLLARS ($55,500), to be paid to Plaintiffs' counsel as follows:

   i. Installment One: A check in the amount of EIGHTEEN THOUSAND THREE HUNDRED THIRTY THREE DOLLARS AND THIRTY THREE CENTS ($18,333.33) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within thirty (30) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

   ii. Installment Two: A check in the amount of EIGHTEEN THOUSAND THREE HUNDRED THIRTY-THREE DOLLARS AND THIRTY-THREE CENTS ($18,333.33) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within sixty (60) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

iii.   Installment Three: A check in the amount of EIGHTEEN THOUSAND THREE HUNDRED THIRTY-THREE DOLLARS AND THIRTY-THREE CENTS ($18,333.33) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within ninety (90) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

**(b) AS TO DEFENDANTS SYS DEFENDANTS:** Defendant **SYS DEFENDANTS** shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and full, complete, and final satisfaction of any and all claims Plaintiffs have asserted as well as all potential claims Plaintiffs may have against Defendants, through and including the date upon which the Parties execute this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of ONE HUNDRED TWENTY NINE THOUSAND AND FIVE HUNDRED DOLLARS ($129,500), to be paid to Plaintiffs' counsel as follows:

iv.   Installment One: A check in the amount of TWENTY NINE THOUSAND FIVE HUNDRED DOLLARS ($29,500) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within sixty (60) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

v.   Installment Two: A check in the amount of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within ninety (90) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

vi.   Installment Three: A check in the amount of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within one hundred and twenty (120) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

vii.   Installment Four: A check in the amount of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within one hundred and fifty (150) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs'

share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

viii.    Installment Five: A check in the amount of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within one hundred and eighty (180) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

ix.    Installment Six: A check in the amount of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within two hundred and ten (210) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

x.    Installment Seven: A check in the amount of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within two hundred and forty (240) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xi.    Installment Eight: A check in the amount of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within two hundred and seventy (270) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xii.    Installment Nine: A check in the amount of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within three hundred (300) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xiii.    Installment Ten: A check in the amount of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within three hundred

and thirty (330) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xiv.  Installment Eleven: A check in the amount of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000) made payable to "Lina M. Franco, as Attorney for Plaintiffs", for immediate deposit within three hundred and sixty (360) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel

2. The Plaintiffs shall be solely responsible for any taxes resulting from payments paid to them under the Agreement. Plaintiffs agree to indemnify Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon the settlement payments. Plaintiffs shall be solely responsible for the payment of any taxes owed. Plaintiffs represent that no tax advice has been given to them by Defendants or their representatives and Plaintiffs understand that Defendants make no representation or guarantee as to the tax consequences of these payments.

3. Plaintiffs' counsel shall provide an IRS Form W-9 to Defendants before any of the Settlement Payment can be made.

4. Defendants shall provide to Plaintiffs' counsel an IRS Form 1099 for their respective portion of the Settlment Payment.

5. Plaintiffs agree and acknowledge that, upon payment by Defendants in this matter, they will have been properly paid for all hours worked for the Defendants, that all salary, wages, commissions, bonuses, and other compensation due to Plaintiffs has been paid, and that Plaintiffs are not owed anything else from Defendants other than as provided for in this Agreement

6. Simultaneously with the execution of this Agreement, Defendants shall deliver to Plaintiffs' counsel an executed affidavit for confession of judgment. In the event Defendants are in default of any payment in paragraph 1 of this Agreement, Plaintiffs shall provide ten (10) calendar days written notice to Defendants via e-mail and facsimile sent to:

Avrohom Gefen, Esq.
Tel: 516-437-4385 x. 119
Fax: 516-437-4395
agefen@vmmlegal.com
Vishnick McGovern Milizio LLP | Attorneys At Law
3000 Marcus Avenue, Suite 1E9, Lake Success, New York 11042
830 Third Ave., 5th Floor, New York, NY 10022 |212-759-3500

William Li, Esq.
The Boyd Law Group PLLC
370 Lexington Avenue, Suite 1012
New York, NY 10017
wli@theboydlawgroup.com

7. If Defendants do not cure the defect within ten (10) days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety, and Plaintiffs may file the affidavit for confession of judgment. Defendants shall be entitled to a set-off of any portion of the Payment already paid prior to the filing of the confession of judgment.

In the event that the SYS Defendants default in their payment, it shall not be deemed a default by Defendant Wongprasert and shall not cause Defendant Wongprasert to immediately pay any portion of her unpaid settlement payments in accordance with paragraph 1(a) and Plaintiff may not file a confession of judgment against Defendant Wongprasert. Likewise, if Defendant Wongprasert defaults in her payment, it shall not be deemed a defeault by the SYS Defendants and it shall not cause SYS Defendants to immediately pay any portion of their unpaid settlement payments in accordance with paragraph 1(b). and Plaitiffs may not file a confession of judgment against SYS Defendants,

8. <u>Dismissal</u>: The Parties shall execute, and the Defendants shall cause their counsel to file with the Court a Stipulation of Dismissal of this Litigation, with prejudice, in substantially the form set forth in Exhibit A to this Agreement.

9. <u>Release and Covenant Not To Sue</u>: Plaintiffs hereby irrevocably and unconditionally release Defendants from, forever discharge Defendants and their subsidiaries and other corporate affiliates and each of their respective present and former employees, officers, directors, owners, attorneys, shareholders and agents, individually and in their official capacities, (hereinafter "Releasees") from any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff at any time has, had, claims or claimed to have had against any of the Releasees relating to Defendants' alleged employment of Plaintiffs and/or regarding any events claimed to have occurred including, without limitation, any and all claims related or in any manner incidental to the Litigation, such as Plaintiffs' employment or termination, or any liability under any contract, tort, federal, state or local fair employment practices or civil rights or any other law, including, but not limited to, the New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended,

the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, Older Workers' Benefit Protection Act, the Employee Retirement Income Security Act, COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, New York State Labor Law, New York City Labor Law, or any and all common law claims, including claims for wrongful discharge, retaliation, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorneys fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity, except that nothing in this Agreement shall operate to preclude Plaintiffs from enforcing, or shall adversely affect their right or ability to enforce this Agreement.

However, this general release and waiver of claims excludes, and the Plaintiffs do not waive, release, or discharge any right to file an administrative charge or complaint with the Equal Employment Opportunity Commission or other administrative agency, although the Plaintiffs waive any right to monetary relief related to such a charge or administrative complaint.

10. Release of Age Claims: PLAINTIFFS SPECIFICALLY WAIVE AND RELEASE DEFENDANTS FROM ALL CLAIMS PLAINTIFFS MAY HAVE AS OF THE DATE PLAINTIFFS SIGN THIS AGREEMENT REGARDING CLAIMS OR RIGHTS ARISING UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED, 29 U.S.C. § 621 ("ADEA").

a. THIS PARAGRAPH 4 DOES NOT WAIVE RIGHTS OR CLAIMS THAT MAY ARISE UNDER ADEA AFTER THE DATE PLAINTIFF SIGNS THIS AGREEMENT.

b. PLAINTIFFS FURTHER AGREE THAT:
    i. PLAINTIFFS' WAIVER OF RIGHTS UNDER THIS AGREEMENT IS KNOWING AND VOLUNTARY AND IN COMPLIANCE WITH THE OLDER WORKER'S BENEFIT PROTECTION ACT OF 1990;

c. PLAINTIFFS UNDERSTAND THE TERMS OF THIS AGREEMENT;

d. THE SETTLEMENT OF THIS ACTION AND THE PAYMENTS THEREUNDER AND OTHER GOOD AND VALUABLE CONSIDERATION WOULD NOT HAVE BEEN PROVIDED HAD PLAINTIFFS NOT SIGNED THIS AGREEMENT;

e. PLAINTIFFS HAVE BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTING THIS AGREEMENT AND HAVE CONSULTED WITH ATTORNEY LINA FRANCO REGARDING THIS AGREEMENT; and

f.  DEFENDANTS HAVE GIVEN PLAINTIFFS TWENTY-ONE (21) DAYS TO CONSIDER THIS AGREEMENT AND PLAINTIFFS HAVE SEVEN (7) DAYS TO REVOKE THEIR ACCEPTANCE AFTER SIGNING AND DELIVERING THIS AGREEMENT TO DEFENDANTS.

11. <u>No Admission of Wrongdoing</u>. Nothing herein shall be construed to be an admission by Defendants of any wrongdoing or noncompliance with any federal, state, city, or local rule, ordinance, constitution, statute, contract, public policy, wage and hour law, wage payment law, tort law, common law, or of any other unlawful conduct, liability, wrongdoing, or breach of any duty whatsoever. Defendants specifically disclaim and deny any wrongdoing or liability to Plaintiffs.

12. <u>No Future Employment</u>. Plaintiffs waive all rights and claims to reinstatement as employees or independent contractors with Defendants and agree that they will not knowingly seek or accept future employment with Defendants or, and other corporate affiliates or with any successor or assign.

13. <u>Remedy for Breach</u>. In the event of a material breach by any Plaintiff of his obligations in this Settlement Agreement, in addition to any other remedies available to Defendants, Defendants shall be entitled to temporary, preliminary and permanent injunctive relief and a decree for specific performance of the terms and provisions of this Agreement without the necessity of Defendants showing any actual damage or irreparable harm or the posting of any bond or furnishing of any other security. Plaintiffs further acknowledge and agree that if they breach any of their obligations contained in this Agreement, they must repay the payments pursuant to paragraph 1, and must pay Defendants' attorneys' fees and all other costs incurred as a result of their breach of this Agreement, unless otherwise prohibited by law.

14. <u>No Participation in Claims</u>. Plaintiffs agree that, unless prohibited by law, they waive the right to voluntarily assist other individuals or entities in bringing claims against the Releasees.

15.     <u>Headings</u>. The section headings contained in this Agreement are for convenience of reference only, are not intended to be a part of this Settlement Agreement and shall not be construed to define, modify, alter or describe the scope or intent of any of the terms, covenants or conditions of this Agreement.

16. <u>Successors</u>. This Agreement shall be binding upon, and shall inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, successors and assigns.

17. <u>Modification of the Agreement</u>. This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants and approved by a judge for the Southern District of New York.

18. <u>Acknowledgment</u>. Each of the Plaintiffs acknowledges that they have been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement. Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. Plaintiffs acknowledge that they are voluntarily entering into this Agreement knowling and of their own free will and without undue influence or stress. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

19. <u>Notices</u>. Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Lina M. Franco, Esq
LINA FRANCO LAW, P.C.
42 Broadway, 12th Floor
New York, NY 10004
Tel: 800-933-5620
Email: Lina@LinaFranco.com

To Defendants:

Avrohom Gefen, Esq.
516-437-4385 x. 119
Fax: 516-437-4395
agefen@vmmlegal.com
Vishnick McGovern Milizio LLP | Attorneys At Law
3000 Marcus Avenue, Suite 1E9, Lake Success, New York 11042
830 Third Ave., 5th Floor, New York, NY 10022 |212-759-3500

William Li, Esq.
The Boyd Law Group PLLC
370 Lexington Avenue, Suite 1012
New York, NY 10017
wli@theboydlawgroup.com

20.    <u>Governing Law</u>. This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.

21.    <u>Enforceability.</u> If any term or provision of this Agreement or the application therof to any person, entity or circumstance shall to any extent be determined by a court of competent jurisdiction to be is held to be illegal, void, or unenforceable, such provision shall be of no force

or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, or the application of such terms or provisions to such person, entity or circumstance other than those that are held invalid or unenforceable. The Parties authorize the court to reduce in scope or modify, if possible, all invalid or unenforceable provisions, so that they become valid or enforceable.

22. Release Notification. Defendants have advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Lina M. Franco, Esq.. of Lina Franco Law, P.C. Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and General Release have been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

23. Counterparts. To signify their agreement to the terms of this Agreement and General Release, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. Facsimile or scanned and e-mailed signatures shall be deemed valid and binding for such purposes.

24. Entire Agreement. This Agreement contains all of the understandings and representations between Plaintiffs and Defendants relating to the subject matter herein and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, with respect to such subject matter.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: April 7th, 2018

STATE OF NEW YORK )
)SS
COUNTY OF )

LINA M FRANCO
NOTARY PUBLIC STATE OF NEW YORK
KINGS COUNTY
LIC. # 02FR6276754
COMM. EXP. 2/2/2

On 4/7/8, 2018 before me personally came to me known and known to me to be the individuals described below, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Notary Public

DOUGLAS F. PINTO

Page **15** of **24**

Dated: 4/4/18

STATE OF NEW YORK )
                  )SS.:
COUNTY OF Kiy     )

On 4/4/18, 2018 before me personally came to me known and known to me to be the individuals described below, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Notary

**LINA M FRANCO**
**NOTARY PUBLIC STATE OF NEW YORK**
**KINGS COUNTY**
**LIC. # 02FR6276754**
**COMM. EXP. 2/2/h**

Notary Public

EFERINO RAMIREZ

STATE OF NEW JERSEY )
                     )SS.:

Page **18** of **24**

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: 4|6|17

STATE OF NEW

COUNTY OF

On 4|6, 2018 before me personally came to me known and known to me to be the individuals described below, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

_____
JUAN JUAREZ

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _4 / 4 / 0_

STATE OF NEW YORK

COUNTY OF

LINA M FRANCO
NOTARY PUBLIC, STATE OF NEW YORK
KINGS COUNTY
LIC. # 02FR6276754
COMM. EXP. 2/26/

On _4 4_, 2018 personally came to me known and known to me to be the individuals described below, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Notary Public

MARIO LIMA

Dated: _4/3/18_

STATE OF NEW YORK

COUNTY OF ___

On _4/3_, 2018 _____ personally came to me known and known to me to be the individuals described below, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Notary Public

MICHELE PLACENTI

Dated: _4/2/18_

STATE OF NEW YORK

COUNTY OF

On _4/2_, 2018 before me personally came to me known and known to me to be the individuals described below, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

LINA M FRANCO
NOTARY PUBLIC STATE OF NEW YORK
KINGS COUNTY
LIC. # 02FR6276754
COMM. EXP.

_____
Notary Public

_____
RUBENS RODRIGUES

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: 4 / 2 / 18

STATE OF NEW YORK

COUNTY OF

> LINA M FRANCO
> NOTARY PUBLIC STATE OF NEW YORK
> )SS.:     KINGS COUNTY
> )     LIC. # 02FR6276754
> COMM. EXP. 2 / 2 / 22

On 7 / 2, 2018 before me personally came to me known and known to me to be the individuals described below, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Notary Public

TINA PINHEIRO

Dated: 4/7/2018

STATE OF NEW YORK ____ )

)SS.:

COUNTY OF _____

On 4 , 2018 before me personally came to me known and known to me to be the individuals described below, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

LINA M FRANCO
NOTARY PUBLIC STATE OF NEW YORK
KINGS COUNTY
LIC. # 02FR6278754
COMM. EXP

Notary Public

VERONICA MONTIEL

STATE OF NEW JERSEY )
)SS.:
COUNTY OF )

On ~~March~~ _April_ 9 , 2018 before me personally came to me HAI LA (a/k/a TONY LA), known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, individually and on behalf of SYS CHELSEA INC., and TH PLUS INC, and duly acknowledged to me that he executed the same.

_Judith M Duffie_
Notary Public

Dated: 4/9/18

HAI LA (A/K/A TONY LA), individually and as Owner and President of SYS CHELSEA INC., AND TH PLUS INC.

JUDITH M DUFFIE
Notary Public – State of New Jersey
My Commission Expires Jan 5, 2022

Page **19** of **24**

STATE OF NEW JERSEY )
                     )SS.:
COUNTY OF Essex )

On ~~March~~ a April 9th 2018 before me personally came to me SOW K. LA (a/k/a Irene La) known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, individually, and duly acknowledged to me that she executed the same.

SHAWN P POLANCO
Notary Public
State of New Jersey
My Commission Expires Jan 16, 2019

_____
Notary Public

Dated: 4/9/18

_____
SOW K. LA (A/K/A IRENE LA)

Scanned with CamScanner

SINGAPORE )
           )SS.:

On March _____ 2018 before me personally came to me MEI LA and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, individually and duly acknowledged to me that she executed the same.

Elizabeth Jones
Consul
U.S. Embassy Singapore

Notary Public

Commission Expires:      Indefinite

Dated: _____ 12 APR 2018

MEI LA

REPUBLIC OF SINGAPORE )
CITY OF SINGAPORE )
EMBASSY OF THE ) s.s.
UNITED STATES OF AMERICA)

Scanned by CamScanner

UTHAIWAN WONPRASERT,
individually

STATE OF NEW YORK                    )
                          )SS.:
COUNTY OF                            )

On March 30th, 2018 before me personally came to me
UTHAIWAN WONGPRASERT, known and known to me to be
the individual described in, and who executed the foregoing
Settlement Agreement and General Release, individually and
duly acknowledged to me that she executed the same.

SILVANA ARCE
Notary Public – State of New York
NO. 01AR6366376
Qualified in Queens County
My Commission Expires Oct 30, 2021

Notary Public

Dated:
_____

_____

UNTAIWAN WONGPRASERT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF CONFESSION OF
JUDGMENT

JUAN JUAREZ, et. Al.          *Plaintiffs,*
         -against-

HAI LA (A/K/A TONY LA)

            *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW JERSEY     )
                     : ss.:
COUNTY OF     MORRIS    )

1.    I, HAI LA (A/K/A TONY LA), reside in MORRIS County.

2.    Pursuant to the terms of the Settlement Agreement and Release ("Settlement Agreement") by and between Plaintiffs Juan Juarez, Douglas F. Pinto, Michele Placenti, Tina Pinheiro, Mario Lima, Rubens DePaula, Veronica Montiel, Zeferino Ramirez, ("Plaintiffs") and SYS Chelsea Inc., TH Plus Inc., (d/b/a "Salsa Y Salsa and "Shangri La"), Sow K. La (a/k/a Irene La), Hai La (a/k/a Tony La), Mei La (collectively "SYS Defendants") and Uthaiwan Wongprasert ("Defendant Wongprasert") (altogether "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiffs for the sum of One Hundred Twenty Nine Thousand and Five Hundred Dollars ($129,500) less any payments made under the Settlement Agreement.

3.    This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, which provides that SYS Chelsea Inc., TH Plus Inc., (d/b/a "Salsa Y Salsa and "Shangri La") and Hai La (a/k/a Tony La) shall, jointly and severally, cause Plaintiffs to be paid a total sum of One Hundred Twenty Nine and Five Hundred Dollars ($129,500). The amount of this affidavit of confession of judgment represents the settlement amount of One Hundred Twenty Nine Thousand and Five Hundred Dollars ($129,500).

4.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of SYS Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

Scanned with CamScanner

5.    I hereby represent my understanding that upon SYS Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for One Hundred Twenty Nine Thousand and Five Hundred Dollars ($129,500) (less any amounts already paid to Plaintiffs pursuant to the payment schedule stated in Paragraph 1 of the Settlement Agreement), against me, Hai La.

HAI LA (A/K/A TONY LA), individually and as Owner and President of SYS CHELSEA INC., AND TH PLUS INC.

Sworn to before me this
4th day of April    2018

Notary Public

JUDITH M DUFFIE
Notary Public – State of New Jersey
My Commission Expires Jan 5, 2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------x

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

|                               |     |
| ----------------------------- | --- |
| JUAN JUAREZ, et. al            | :   |
|                 *Plaintiffs,*  | :   |
|                                | :   |
|         -against-              | :   |
|                                | :   |
| SOW K. LA (A/K/A IRENE LA)     | :   |
|                                | :   |
|                                | :   |
|                                | :   |
|                                | :   |
|                                | :   |

                    *Defendant.*

------------------------------x

STATE OF NEW JERSEY     )
                        : ss.:
COUNTY OF ESSEX         )

1.     I, SOW K. LA, reside in Essex County.

2.     Pursuant to the terms of the Settlement Agreement and Release ("Settlement Agreement") by and between Plaintiffs Juan Juarez, Douglas F. Pinto, Michele Placenti, Tina Pinheiro, Mario Lima, Rubens DePaula, Veronica Montiel, Zeferino Ramirez, ("Plaintiffs") and SYS Chelsea Inc., TH Plus Inc., (d/b/a "Salsa Y Salsa and "Shangri La"), Sow K. La (a/k/a Irene La),   Hai La (a/k/a Tony La), Mei La (collectively "SYS Defendants") and Uthaiwan Wongprasert ("Defendant Wongprasert") (altogether "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiffs for the sum of One Hundred Twenty Nine Thousand and Five Hundred Dollars ($129,500) less any payments made under the Settlement Agreement.

3. This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, which provides that Sow K. La shall, jointly and severally, cause Plaintiffs to be paid a total sum of One Hundred Twenty Nine Thousand and Five Hundred Dollars ($129,500).  The amount of this affidavit of confession of judgment represents the settlement amount of One Hundred Twenty Nine Thousand and Five Hundred Dollars ($129,500).

4.   This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of SYS Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon SYS Defendants' breach of the

Scanned with CamScanner

Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for One Hundred Twenty Nine Thousand and Five Hundred Dollars ($129,500) (less any amounts already paid to Plaintiffs pursuant to the payment schedule stated in Paragraph 1 of the Settlement Agreement), against me, Sow K. La.

SOW K LA

Sworn to before me this
7th day of April 2018

Notary Public

SHAWN P POLANCO
Notary Public
State of New Jersey
My Commission Expires Jan 16, 2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JUAN JUAREZ, et al,

                              *Plaintiffs*,

        -against-

UTHAIWAN WONGPRASERT

                              *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK   )
                           : ss.:
COUNTY OF New York   )

1.     I, UTHAIWAN WONGPRASERT, reside in New York County.

2.     Pursuant to the terms of the Settlement Agreement and Release ("Settlement Agreement") by and between Plaintiffs Juan Juarez, Douglas F. Pinto, Michele Placenti, Tina Pinheiro, Mario Lima, Rubens DePaula, Veronica Montiel, Zeferino Ramirez, ("Plaintiffs") and SYS Chelsea Inc., TH Plus Inc., (d/b/a "Salsa Y Salsa and "Shangri La"), Sow K. La (a/k/a Irene La), Hai La (a/k/a Tony La), Mei La (collectively "SYS Defendants") and Uthaiwan Wongprasert ("Defendant Wongprasert") (altogether "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiffs for the sum of Fifty Five Thousand Five Hundred Dollars ($55,500) less any payments made under the Settlement Agreement.

3.     This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, which provides that Uthaiwan Wongprasert shall cause Plaintiffs to be paid a total sum of Fifty Five Thousand Five Hundred Dollars ($55,500). The amount of this affidavit of confession of judgment represents the settlement amount of Fifty Five Thousand and Five Hundred Dollars ($55,500).

4.     This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

5.     I hereby represent my understanding that upon my breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for Fifty Five Thousand Five Hundred Dollars ($55,500) (less any amounts already paid to Plaintiffs pursuant to the payment schedule stated in Paragraph 1 of the Settlement Agreement), against me, Uthaiwan Wonprasert.

_____
WONGPRASERT UTHAIWAN

Sworn to before me this
9th day of ___April___ 2018

_____
Notary Public

SILVANA ARCE
Notary Public – State of New York
NO. 01AR6386376
Qualified in Queens County
My Commission Expires Oct 30. 2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUAN JUAREZ, DOUGLAS F. PINTO, MICHELE PLACENTI, TINA PINHEIRO, MARIO LIMA, RUBENS RODRIGUES DEPAULA. VERONICA MONTIEL, ZEFERINO RAMIREZ, ALEXANDRE M. MACEDO, individually and on behalf of others similarly situated<br><br>*Plaintiffs,*<br><br>-against-<br>SYS CHELSEA INC., TH PLUS INC., (D/B/A "SALSA & SALSA"; D/B/A "SHANGRI-LA"), UTHAIWAN WONGPRASERT (A/K/A DIANE WONGPRASERT), MEI LA, HAI LA (A/K/A TONY LA) AND SOW K. LA (A/K/A IRENE LA)<br><br>*Defendants.* | **STIPULATION OF DISMISSAL**<br><br>**1:17-CV-2579 (RMB)(SN)** |

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, that pursuant to Fed. R. Civ. Procedure 41(a)(1)(A)(ii), the Complaint and any and all claims that were or could have been asserted in this action by any party are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.

Date:  New York, New York
March __ 2018

Avrohom Gefen, Esq.
516-437-4385 x. 119
Fax: 516-437-4395
agefen@vmmlegal.com
Vishnick McGovern Milizio LLP |
Attorneys At Law
3000 Marcus Avenue, Suite 1E9,
Lake Success, New York 11042

830 Third Ave., 5th Floor, New York, NY
10022 |212-759-3500

*Attorneys for Defendant WONGPRASERT
UTHAIWAN*

_____
Lina M. Franco, Esq.
**LINA FRANCO LAW, P.C.**
42 Broadway, 12th Floor
New York, NY 10004
Tel.: 1800-933-562-
*Attorney for Plaintiffs*

William Li, Esq.
The Boyd Law Group PLLC
370 Lexington Avenue, Suite 1012
New York, NY 10017
wli@theboydlawgroup.com
*Attorney for Defendants*
*SYS CHELSEA INC., TH PLUS INC. (d/b/a*
*SALSA & SALSA), SOW K LA (A/K/A IRENE*
*LA), MEI LA, and HAI LA (A/K/A TONY LA)*