**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUAN JUAREZ, DOUGLAS F. PINTO, MICHELE PLACENTI, TINA PINHEIRO, MARIO LIMA, RUBENS RODRIGUES DEPAULA. VERONICA MONTIEL, ZEFERINO RAMIREZ, ALEXANDRE M. MACEDO, individually and on behalf of others similarly situated<br><br>*Plaintiffs,*<br><br>-against-<br><br>SYS CHELSEA INC., TH PLUS INC., (D/B/A "SALSA & SALSA"; D/B/A "SHANGRI-LA"), UTHAIWAN WONGPRASERT (A/K/A DIANE WONGPRASERT), MEI LA, HAI LA (A/K/A TONY LA) AND SOW K. LA (A/K/A IRENE LA)<br><br>*Defendants.* | **SETTLEMENT AGREEMENT**<br>**AND**<br>**RELEASE**<br><br>**1:17-CV-2579 (RMB)(SN)** |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs Juan Juarez, Douglas F. Pinto, Michele Placenti, Tina Pinheiro, Mario Lima, Rubens Rodrigues DePaula, Veronica Montiel and Zeferino Ramirez, (collectively "Plaintiffs")[1], and Defendants SYS Chelsea Inc., TH Plus Inc., (d/b/a "Salsa Y Salsa and "Shangri La"), Sow K. La (a/k/a Irene La), Hai La (a/k/a Tony La), Mei La (collectively "SYS Defendants") and Uthaiwan Wongpresart ("Defendant Wongprasert") (altogether "Defendants").

WHEREAS, Plaintiffs allege that Defendants were their employers during all periods relevant to the litigation;

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which has resulted in the filing of an action in the United States District Court for the Southern District of New York, civil action number 1:17-CV-2579 ("Case"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

---

[1] The parties stipulated to the dismissal of Plaintiff Alexandre M. Macedo on on or about July 27, 2017. (*See* ECF Docket Entry No. 44)

WHEREAS, Defendants deny any violation of federal and state wage, hour and labor laws as well as all other claims asserted in the Complaint; and

WHEREAS, the parties desire to resolve the Case without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1.Consideration: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and full, complete, and final satisfaction of any and all claims Plaintiffs have asserted as well as all potential claims Plaintiffs may have against Defendants, through and including the date upon which the Parties execute this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of ONE HUNDRED EIGHTY-FIVE THOUSAND DOLLARS ($185,000.00) (the "Settlement Amount"), to be paid to Plaintiffs' counsel Lina Franco, P.C. at 42 Broadway, Suite 12-126, New York, New York 10004 ("Plaintiffs' counsel") as follows:

**(a) AS TO DEFENDANT WONGPRASERT:** Defendant **WONGPRASERT** shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and full, complete, and final satisfaction of any and all claims Plaintiffs have asserted as well as all potential claims Plaintiffs may have against Defendants, through and including the date upon which the Parties execute this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of FIFTY-FIVE THOUSAND AND FIVE HUNDRED DOLLARS ($55,500), to be paid to Plaintiffs' counsel as follows:

   i. Installment One: A check in the amount of EIGHTEEN THOUSAND FIVE HUNDRED DOLLARS ($18,500) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within thirty (30) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

   ii. Installment Two: A check in the amount of EIGHTEEN THOUSAND FIVE HUNDRED DOLLARS ($18,500) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within sixty (60) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

   iii. Installment Three: A check in the amount of A check in the amount of EIGHTEEN THOUSAND FIVE HUNDRED DOLLARS ($18,500) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for

immediate deposit within ninety (90) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

**(b) AS TO DEFENDANTS SYS DEFENDANTS:** Defendant **SYS DEFENDANTS** shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and full, complete, and final satisfaction of any and all claims Plaintiffs have asserted as well as all potential claims Plaintiffs may have against Defendants, through and including the date upon which the Parties execute this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of ONE HUNDRED TWENTY NINE THOUSAND AND FIVE HUNDRED DOLLARS ($129,500), to be paid to Plaintiffs' counsel as follows:

    iv. Installment One: A check in the amount of TWENTY NINE THOUSAND FIVE HUNDRED DOLLARS ($29,500) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within sixty (60) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

    v. Installment Two: A check in the amount of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within ninety (90) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

    vi. Installment Three: A check in the amount of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within one hundred and twenty (120) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

    vii. Installment Four: A check in the amount of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within one hundred and fifty (150) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

viii. Installment Five: A check in the amount of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within one hundred and eighty (180) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

ix. Installment Six: A check in the amount of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within two hundred and ten (210) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

x. Installment Seven: A check in the amount of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within two hundred and forty (240) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xi. Installment Eight: A check in the amount of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within two hundred and seventy (270) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xii. Installment Nine: A check in the amount of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within three hundred (300) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xiii. Installment Ten: A check in the amount of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within three hundred and thirty (330) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination

Case 1:17-cv-02579-SN    Document 105-1    Filed 05/04/18    Page 5 of 29
REVISED SETTLEMENT AGREEMENT
1:17-cv-02579-SN Juarez et al v. SYS Chelsea Inc

of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

xiv. Installment Eleven: A check in the amount of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000) made payable to "Lina M. Franco., as Attorney for Plaintiffs", for immediate deposit within three hundred and sixty (360) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel

2. The Plaintiffs shall be solely responsible for any taxes resulting from payments paid to them under the Agreement. Plaintiffs agree to indemnify Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon the settlement payments. Plaintiffs shall be solely responsible for the payment of any taxes owed. Plaintiffs represent that no tax advice has been given to them by Defendants or their representatives and Plaintiffs understand that Defendants make no representation or guarantee as to the tax consequences of these payments.

3. Plaintiffs' counsel shall provide an IRS Form W-9 to Defendants before any of the Settlement Payment can be made.

4. Defendants shall provide to Plaintiffs' counsel an IRS Form 1099 for their respective portion of the Settlment Payment.

5. Plaintiffs agree and acknowledge that, upon payment by Defendants in this matter, they will have been properly paid for all hours worked for the Defendants, that all salary, wages, commissions, bonuses, and other compensation due to Plaintiffs has been paid, and that Plaintiffs are not owed anything else from Defendants other than as provided for in this Agreement

6. Simultaneously with the execution of this Agreement, Defendants shall deliver to Plaintiffs' counsel an executed affidavit for confession of judgment. In the event Defendants are in default of any payment in paragraph 1 of this Agreement, Plaintiffs shall provide ten (10) calendar days written notice to Defendants via e-mail and facsimile sent to:

> Avrohom Gefen, Esq.
> Tel: 516-437-4385 x. 119
> Fax: 516-437-4395
> agefen@vmmlegal.com
> Vishnick McGovern Milizio LLP | Attorneys At Law
> 3000 Marcus Avenue, Suite 1E9, Lake Success, New York 11042
> 830 Third Ave., 5th Floor, New York, NY 10022 |212-759-3500
>
> William Li, Esq.

The Boyd Law Group PLLC
370 Lexington Avenue, Suite 1012
New York, NY 10017
wli@theboydlawgroup.com

7.If Defendants do not cure the defect within ten (10) days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety, and Plaintiffs may file the affidavit for confession of judgment. Defendants shall be entitled to a set-off of any portion of the Payment already paid prior to the filing of the confession of judgment.

8. In the event that the SYS Defendants default in their payment, it shall not be deemed a default by Defendant Wongprasert and shall not cause Defendant Wongprasert to immediately pay any portion of her unpaid settlement payments in accordance with paragraph 1(a) and Plaintiff may not file a confession of judgment against Defendant Wongprasert. Likewise, if Defendant Wongprasert defaults in her payment, it shall not be deemed a default by the SYS Defendants and it shall not cause SYS Defendants to immediately pay any portion of their unpaid settlement payments in accordance with paragraph 1(b). and Plaitiffs may not file file a confession of judgment against SYS Defendants,

9. Dismissal: The Parties shall execute, and the Defendants shall cause their counsel to file with the Court a Stipulation of Dismissal of this Litigation, with prejudice, in substantially the form set forth in Exhibit A to this Agreement.

10. Release and Covenant Not To Sue: Plaintiffs, individually and on behalf of themselves and, if any, their spouse, heirs, executors, testators, representatives, agents, successors, and assigns, freely and irrevocably relinquishes, releases, and waives all possible complaints, causes of action, liabilities, obligations, demands, and claims arising from essentially the same set of facts and circumstances alleged in the Complaint against Defendants, including their parent companies, subsidiaries, and affiliates, together with officers, and directors in their individual and representative capacities , (collectively, with Defendants, the "Releasees"), that may have arisen from the beginning of time through the Effective date of this Agreement.  This release includes, but is not limited to: (1) any and all claims for damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated and other damages, interest, attorneys' fees, and costs, for any claim brought, or that could have been brought under the Fair Labor Standards Act ("FLSA"), and/or any local, state, or federal wage statute, code, or ordinance including claims under the New York Labor Law, §§190 et seq.

11. No Admission of Wrongdoing. Nothing herein shall be construed to be an admission by Defendants of any wrongdoing or noncompliance with any federal, state, city, or local rule, ordinance, constitution, statute, contract, public policy, wage and hour law, wage payment law, tort law, common law, or of any other unlawful conduct, liability, wrongdoing, or breach of any duty whatsoever. Defendants specifically disclaim and deny any wrongdoing or liability to Plaintiffs.

12. No Future Employment. Plaintiffs waive all rights and claims to reinstatement as employees or independent contractors with Defendants and agree that they will not knowingly seek or accept future employment with Defendants or, and other corporate affiliates or with any successor or assign.

13. Remedy for Breach. In the event of a material breach by any Plaintiff of his obligations in this Settlement Agreement, in addition to any other remedies available to Defendants, Defendants shall be entitled to temporary, preliminary and permanent injunctive relief and a decree for specific performance of the terms and provisions of this Agreement without the necessity of Defendants showing any actual damage or irreparable harm or the posting of any bond or furnishing of any other security. Plaintiffs further acknowledge and agree that if they breach any of their obligations contained in this Agreement, they must repay the payments pursuant to paragraph 1, and must pay Defendants' attorneys' fees and all other costs incurred as a result of their breach of this Agreement, unless otherwise prohibited by law.

14. No Participation in Claims. Plaintiffs agree that, unless prohibited by law, they waive the right to voluntarily assist other individuals or entities in bringing claims against the Releasees.

15. Headings. The section headings contained in this Agreement are for convenience of reference only, are not intended to be a part of this Settlement Agreement and shall not be construed to define, modify, alter or describe the scope or intent of any of the terms, covenants or conditions of this Agreement.

16. Successors. This Agreement shall be binding upon, and shall inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, successors and assigns.

17. Modification of the Agreement. This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants and approved by a judge for the Southern District of New York.

18. Acknowledgment. Each of the Plaintiffs acknowledges that they have been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement. Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. Plaintiffs acknowledge that they are voluntarily entering into this Agreement knowling and of their own free will and without undue influence or stress. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

19. Notices. Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

       To Plaintiffs:

Case 1:17-cv-02579-SN   Document 105-1   Filed 05/04/18   Page 8 of 29
REVISED SETTLEMENT AGREEMENT
1:17-cv-02579-SN Juarez et al v. SYS Chelsea Inc

Lina M. Franco, Esq
**LINA FRANCO LAW, P.C.**
42 Broadway, 12ᵗʰ Floor
New York, NY 10004
Tel: 800-933-5620
Email: Lina@LinaFranco.com

To Defendants:

Avrohom Gefen, Esq.
516-437-4385 x. 119
Fax: 516-437-4395
agefen@vmmlegal.com
Vishnick McGovern Milizio LLP | Attorneys At Law
3000 Marcus Avenue, Suite 1E9, Lake Success, New York 11042
830 Third Ave., 5ᵗʰ Floor, New York, NY 10022 |212-759-3500

William Li, Esq.
The Boyd Law Group PLLC
370 Lexington Avenue, Suite 1012
New York, NY 10017
wli@theboydlawgroup.com

20. <u>Governing Law.</u> This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.

21. <u>Enforceability.</u> If any term or provision of this Agreement or the application therof to any person, entity or circumstance shall to any extent be determined by a court of competent jurisdiction to be is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, or the application of such terms or provisions to such person, entity or circumstance other than those that are held invalid or unenforceable. The Parties authorize the court to reduce in scope or modify, if possible, all invalid or unenforceable provisions, so that they become valid or enforceable.

22. <u>Release Notification.</u> Defendants have advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Lina M. Franco, Esq.. of Lina Franco Law, P.C. Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and General Release have been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

23. <u>Counterparts.</u> To signify their agreement to the terms of this Agreement and General Release, the Parties have executed this Agreement on the date set forth opposite their signatures, which

Case 1:17-cv-02579-SN   Document 105-1   Filed 05/04/18   Page 9 of 29
REVISED SETTLEMENT AGREEMENT
1:17-cv-02579-SN Juarez et al v. SYS Chelsea Inc

appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. Facsimile or scanned and e-mailed signatures shall be deemed valid and binding for such purposes.

24. <u>Entire Agreement.</u> This Agreement contains all of the understandings and representations between Plaintiffs and Defendants relating to the subject matter herein and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, with respect to such subject matter.

       **THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

REVISED SETTLEMENT AGREEMENT
1:17-cv-02579-SN Juarez et al v. SYS Chelsea Inc

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated

STATE OF NEW

COUNTY OF

On ___, 2018 before me personally came to me known and known to me to be the individuals described below, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Notary Public

IVAN JUAREZ

REVISED SETTLEMENT AGREEMENT
1:17-cv-02579-SN Juarez et al v. SYS Chelsea Inc

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _4 / 1 / 0_

STATE OF NEW YORK

COUNTY OF

On _45_, 2018 came personally came to me known and known to me to be the individuals described below, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

LINA M FRANCO
NOTARY PUBLIC STATE OF NEW YORK
KINGS COUNTY
LIC. # 02FR6276754
COMM. EXP. 2/36/_

Notary Public

MARIO LIMA

Case 1:17-cv-02579-SN    Document 105-1    Filed 05/04/18    Page 12 of 29
REVISED SETTLEMENT AGREEMENT
1:17-cv-02579-SN Juarez et al v. SYS Chelsea Inc

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: __4 / 2 / 18__

STATE OF NEW YORK

COUNTY OF

> LINA M FRANCO
> NOTARY PUBLIC STATE OF NEW YORK
> )SS.:     KINGS COUNTY
> )     LIC. # 02FR6276754
> COMM. EXP: 2/ 2/ 22

On __F 2__, 2018 before me personally came to me known and known to me to be the individuals described below, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Notary Public

TINA PINHEIRO

Case 1:17-cv-02579-SN    Document 105-1    Filed 05/04/18    Page 13 of 29
REVISED SETTLEMENT AGREEMENT
1:17-cv-02579-SN Juarez et al v. SYS Chelsea Inc

Dated: 4/3/18

STATE OF NEW YORK

COUNTY OF

On 4/3, 2018 personally came to me known and known to me to be the individuals described below, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Notary Public

MICHELE PLACENTI

LINA M FRANCO
NOTARY PUBLIC STATE OF NEW YORK
KINGS COUNTY
LIC. # 02FR6276754
COMM. EXP. 2/2/

REVISED SETTLEMENT AGREEMENT
1:17-cv-02579-SN Juarez et al v. SYS Chelsea Inc

Dated: _April 7th, 2018_

STATE OF NEW YORK    )
                     )SS:
COUNTY OF            )

On __, 2018 before me personally came to me known and known to me to be the individuals described below, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

LINA M FRANCO
NOTARY PUBLIC STATE OF NEW YORK
KINGS COUNTY
LIC.# 02FR6276754
COMM EXP.

Notary Public

DOUGLAS R. PINTO

Case 1:17-cv-02579-SN   Document 105-1   Filed 05/04/18   Page 15 of 29
REVISED SETTLEMENT AGREEMENT
1:17-cv-02579-SN Juarez et al v. SYS Chelsea Inc

Dated: 4/17/18

STATE OF NEW YORK

COUNTY OF

On 4/17, 2018 before me personally came to me known and known to me to be the individuals described below, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

LINA M FRANCO
NOTARY PUBLIC STATE OF NEW YORK
KINGS COUNTY
LIC. # 02FR6276754
COMM. EXP.

Notary Public

RUBENS RODRIGUES

Case 1:17-cv-02579-SN    Document 105-1    Filed 05/04/18    Page 16 of 29
REVISED SETTLEMENT AGREEMENT
1:17-cv-02579-SN Juarez et al v. SYS Chelsea Inc

Dated: __4 / 7 /2018__

STATE OF NEW YORK      )

                     )SS.:   LINA M FRANCO

COUNTY OF             NOTARY PUBLIC STATE OF NEW YORK

                             KINGS COUNTY

On _4_ , 2018 before me personally came to me known and known to me to be the individuals described below, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Notary Public

VERONICA MONTIEL

REVISED SETTLEMENT AGREEMENT
1:17-cv-02579-SN Juarez et al v. SYS Chelsea Inc

Dated: 4 / 4 / 18

STATE OF NEW YORK    )
                     )SS.:
COUNTY OF Kig        )

On 4|4|, 2018 before me personally came to me known and known to me to be the individuals described below, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Notary

LINA M FRANCO
NOTARY PUBLIC STATE OF NEW YORK
KINGS COUNTY
LIC. # 02FR6276754
COMM. EXR 2/2h

EPEPINO RAMIREZ

STATE OF NEW JERSEY )
                     )SS.:

Case 1:17-cv-02579-SN    Document 105-1    Filed 05/04/18    Page 18 of 29
REVISED SETTLEMENT AGREEMENT
1:17-cv-02579-SN Juarez et al v. SYS Chelsea Inc

STATE OF NEW JERSEY

                )SS.:

COUNTY OF         )

On ~~March~~ *April* 9 , 2018 before me personally came to me HAI LA (a/k/a TONY LA), known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, individually and on behalf of SYS CHELSEA INC., and TH PLUS INC, and duly acknowledged to me that he executed the same.

_____
Notary Public

Dated: 4/9/18 _____

_____
HAI LA (A/K/A TONY LA), individually and as
Owner and President of SYS CHELSEA INC.,
AND TH PLUS INC.

JUDITH M DUFFIE
Notary Public – State of New Jersey
My Commission Expires Jan 5, 2022

REVISED SETTLEMENT AGREEMENT
1:17-cv-02579-SN Juarez et al v. SVS Chelsea Inc.
Case 1:17-cv-02579-SN    Document 103-1    Filed 04/12/18    Page 20 of 30

STATE OF NEW JERSEY )
                      )SS.:
COUNTY OF ESSex )

On ~~March~~ a April 9th 2018 before me personally came to me SOW K. LA (a/k/a Irene La) known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, individually, and duly acknowledged to me that she executed the same.

SHAWN P POLANCO
Notary Public
State of New Jersey
My Commission Expires Jan 16, 2018

_____
Notary Public

Dated: 4/9/18

_____
SOW K. LA (A/K/A IRENE LA)

REVISED SETTLEMENT AGREEMENT
1:17-cv-02579-SN Juarez et al v. SYS Chelsea Inc

SINGAPORE )
          )SS.:

On March _____ 2018 before me personally came to me MEI LA and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, individually and duly acknowledged to me that she executed the same.

Elizabeth Jones
Consul
U.S. Embassy Singapore

Notary Public                    Commission Expires:        Indefinite

Dated: _____ 12 APR 2018 _____

_____
MEI LA

REPUBLIC OF SINGAPORE
CITY OF SINGAPORE
EMBASSY OF THE
UNITED STATES OF AMERICA

UTHAIWAN WONPRASERT,
Individually

STATE OF NEW YORK        )
                         )SS.:
COUNTY OF                )

On March 30th, 2018 before me personally came to me UTHAIWAN WONGPRASERT, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, individually and duly acknowledged to me that she executed the same.

SILVANA ARCE
Notary Public – State of New York
NO. 01AR6305376
Qualified in Queens County
My Commission Expires Oct 30, 2021

_____
Notary Public

Dated:
_____

_____

UNTAIWAN WONGPRASERT

Case 1:17-cv-02579-SN    Document 105-1    Filed 05/04/18    Page 22 of 29
REVISED SETTLEMENT AGREEMENT
1:17-cv-02579-SN Juarez et al v. SYS Chelsea Inc

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------x

                                      **AFFIDAVIT OF CONFESSION OF**
                                      **JUDGMENT**

JUAN JUAREZ, et. Al.
                        *Plaintiffs,*

        -against-

HAI LA (A/K/A TONY LA)

                        *Defendant.*

--------------------------------------x

STATE OF NEW JERSEY          )
                             : ss.:
COUNTY OF        MORRIS      )

    1.      I, HAI LA (A/K/A TONY LA), reside in MORRIS County.

    2.      Pursuant to the terms of the Settlement Agreement and Release ("Settlement Agreement") by and between Plaintiffs Juan Juarez, Douglas F. Pinto, Michele Piacenti, Tina Pinheiro, Mario Lima, Rubens DePaula, Veronica Montiel, Zeferino Ramirez, ("Plaintiffs") and SYS Chelsea Inc., TH Plus Inc., (d/b/a "Salsa Y Salsa and "Shangri La"), Sow K. La (a/k/a Irene La), Hai La (a/k/a Tony La), Mei La (collectively "SYS Defendants") and Uthaiwan Wongprasert ("Defendant Wongprasert") (altogether "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiffs for the sum of One Hundred Twenty Nine Thousand and Five Hundred Dollars ($129,500) less any payments made under the Settlement Agreement.

    3.      This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, which provides that SYS Chelsea Inc., TH Plus Inc., (d/b/a "Salsa Y Salsa and "Shangri La") and Hai La (a/k/a Tony La) shall, jointly and severally, cause Plaintiffs to be paid a total sum of One Hundred Twenty Nine and Five Hundred Dollars ($129,500). The amount of this affidavit of confession of judgment represents the settlement amount of One Hundred Twenty Nine Thousand and Five Hundred Dollars ($129,500).

    4.      This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of SYS Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

Case 1:17-cv-02579-SN    Document 105-1    Filed 05/04/18    Page 23 of 29
REVISED SETTLEMENT AGREEMENT
1:17-cv-02579-SN Juarez et al v. SYS Chelsea Inc

5.     I hereby represent my understanding that upon SYS Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for One Hundred Twenty Nine Thousand and Five Hundred Dollars ($129,500) (less any amounts already paid to Plaintiffs pursuant to the payment schedule stated in Paragraph 1 of the Settlement Agreement), against me, Hai La.

HAI LA (A/K/A TONY LA), individually and as
Owner and President of SYS CHELSEA INC.,
AND TH PLUS INC.

Sworn to before me this
4th day of April 2018

Notary Public

JUDITH M DUFFIE
Notary Public – State of New Jersey
My Commission Expires Jan 5, 2022

Case 1:17-cv-02579-SN    Document 105-1    Filed 05/04/18    Page 24 of 29
REVISED SETTLEMENT AGREEMENT
1:17-cv-02579-SN Juarez et al v. SYS Chelsea Inc

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------x

### AFFIDAVIT OF CONFESSION OF JUDGMENT

JUAN JUAREZ, et. al

        *Plaintiffs,*

     -against-

SOW K. LA (A/K/A IRENE LA)

       *Defendant.*

:
:
:
:
:
:
:
:
:
:
:
:

-----------------------------------x

STATE OF NEW JERSEY    )
              : ss.:
COUNTY OF ESSEX     )

1.    I, SOW K. LA, reside in Essex County.

2.    Pursuant to the terms of the Settlement Agreement and Release ("Settlement Agreement") by and between Plaintiffs Juan Juarez, Douglas F. Pinto, Michele Placenti, Tina Pinheiro, Mario Lima, Rubens DePaula, Veronica Montiel, Zeferino Ramirez, ("Plaintiffs") and SYS Chelsea Inc., TH Plus Inc., (d/b/a "Salsa Y Salsa and "Shangri La"), Sow K. La (a/k/a Irene La), Hui La (a/k/a Tony La), Mei La (collectively "SYS Defendants") and Uthaiwan Wongprasert ("Defendant Wongprasert") (altogether "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiffs for the sum of One Hundred Twenty Nine Thousand and Five Hundred Dollars ($129,500) less any payments made under the Settlement Agreement.

3. This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, which provides that Sow K. La shall, jointly and severally, cause Plaintiffs to be paid a total sum of One Hundred Twenty Nine Thousand and Five Hundred Dollars ($129,500). The amount of this affidavit of confession of judgment represents the settlement amount of One Hundred Twenty Nine Thousand and Five Hundred Dollars ($129,500).

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of SYS Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon SYS Defendants' breach of the

REVISED SETTLEMENT AGREEMENT
1:17-cv-02579-SN Juarez et al v. SYS Chelsea Inc

Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for One Hundred Twenty Nine Thousand and Five Hundred Dollars ($129,500) (less any amounts already paid to Plaintiffs pursuant to the payment schedule stated in Paragraph 1 of the Settlement Agreement), against me, Sow K. La.

SOW K LA

Sworn to before me this
21st day of April 2018

Notary Public

SHAWN P POLANCO
Notary Public
State of New Jersey
My Commission Expires Jan 16, 2019

Case 1:17-cv-02579-SN    Document 105-1    Filed 05/04/18    Page 26 of 29
REVISED SETTLEMENT AGREEMENT
1:17-cv-02579-SN Juarez et al v. SYS Chelsea Inc

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------x

JUAN JUAREZ, et al,

        Plaintiffs,

   -against-

UTHAIWAN WONGPRASERT

        Defendant.

------------------------------------------x

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK   )
               : ss.:
COUNTY OF New York   )

1.    I, UTHAIWAN WONGPRASERT, reside in New York County.

2.    Pursuant to the terms of the Settlement Agreement and Release ("Settlement Agreement") by and between Plaintiffs Juan Juarez, Douglas F. Pinto, Michele Placenti, Tina Pinheiro, Mario Lima, Rubens DePaula, Veronica Montiel, Zeferino Ramirez, ("Plaintiffs") and SYS Chelsea Inc., TH Plus Inc., (d/b/a "Salsa Y Salsa and "Shangri La"), Sow K. La (a/k/a Irene La), Hai La (a/k/a Tony La), Mei La (collectively "SYS Defendants") and Uthaiwan Wongprasert ("Defendant Wongprasert") (altogether "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiffs for the sum of Fifty Five Thousand Five Hundred Dollars ($55,500) less any payments made under the Settlement Agreement.

3.    This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, which provides that Uthaiwan Wongprasert shall cause Plaintiffs to be paid a total sum of Fifty Five Thousand Five Hundred Dollars ($55,500). The amount of this affidavit of confession of judgment represents the settlement amount of Fifty Five Thousand and Five Hundred Dollars ($55,500).

Case 1:17-cv-02579-SN   Document 105-1   Filed 05/04/18   Page 27 of 29
REVISED SETTLEMENT AGREEMENT
1:17-cv-02579-SN Juarez et al v. SYS Chelsea Inc

4.      This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

5.      I hereby represent my understanding that upon my breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for Fifty Five Thousand Five Hundred Dollars ($55,500) (less any amounts already paid to Plaintiffs pursuant to the payment schedule stated in Paragraph 1 of the Settlement Agreement), against me,  Uthaiwan Wonprasert.

_____
WONGPRASERT UTHAIWAN

Sworn to before me this
4th day of __April__   2018

_____
Notary Public

SILVANA ARCE
Notary Public – State of New York
NO. 01AR6355578
Qualified in Queens County
My Commission Expires Oct 30, 2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JUAN JUAREZ, DOUGLAS F. PINTO,
MICHELE PLACENTI, TINA PINHEIRO,
MARIO LIMA, RUBENS RODRIGUES
DEPAULA. VERONICA MONTIEL,
ZEFERINO RAMIREZ, ALEXANDRE M.
MACEDO, individually and on behalf of
others similarly situated

            *Plaintiffs,*

         -against-

SYS CHELSEA INC., TH PLUS INC.,
(D/B/A "SALSA & SALSA"; D/B/A
"SHANGRI-LA"), UTHAIWAN
WONGPRASERT (A/K/A DIANE
WONGPRASERT), MEI LA, HAI LA (A/K/A
TONY LA) AND SOW K. LA (A/K/A IRENE
LA)

            *Defendants.*

**STIPULATION OF DISMISSAL**

**1:17-CV-2579 (RMB)(SN)**

---

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, that pursuant to Fed. R. Civ. Procedure 41(a)(1)(A)(ii), the Complaint and any and all claims that were or could have been asserted in this action by any party are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.

Case 1:17-cv-02579-SN    Document 105-1    Filed 05/04/18    Page 29 of 29
REVISED SETTLEMENT AGREEMENT
1:17-cv-02579-SN Juarez et al v. SYS Chelsea Inc

*MAY*

Date: New York, New York
~~March~~ 4 2018

Avrohom Gefen, Esq.
516-437-4385 x. 119
Fax: 516-437-4395
agefen@vmmlegal.com
Vishnick McGovern Milizio LLP |
Attorneys At Law
3000 Marcus Avenue, Suite 1E9,
Lake Success, New York 11042

830 Third Ave., 5th Floor, New York, NY
10022 |212-759-3500

*Attorneys for Defendant WONGPRASERT*
*UTHAIWAN*

William Li, Esq.
The Boyd Law Group PLLC
370 Lexington Avenue, Suite 1012
New York, NY 10017
wli@theboydlawgroup.com
*Attorney for Defendants*
*SYS CHELSEA INC., TH PLUS INC. (d/b/a*
*SALSA & SALSA), SOW K LA (A/K/A IRENE*
*LA), MEI LA, and HAI LA (A/K/A TONY LA)*

Lina M. Franco, Esq.
**LINA FRANCO LAW, P.C.**
42 Broadway, 12th Floor
New York, NY 10004
Tel.: 1800-933-562-
*Attorney for Plaintiffs*